558 F.2d 1046
 In re INTERSTATE STORES, INC., et al., Debtors.
CALIFORNIA WHOLESALE ELECTRIC COMPANY, formerly known as
Esgro, Inc., Appellant,
v.
Joseph R. CROWLEY and Herbert B. Siegel, as Reorganization
Trustees for Interstate Stores, Inc., et al.,
Debtors, Appellees.
 No. 895, Docket 76-5044.
 United States Court of Appeals,
Second Circuit.
 Argued April 25, 1977.
Decided June 10, 1977.
 
 Bruce R. Zirinsky, New York City, for appellant.
 Daniel L. Carroll, New York City, for appellees.
 Before MANSFIELD, Circuit Judge, SMITH, Chief Judge,* and PALMIERI, District Judge.**
 PER CURIAM:
 
 
 1
 The issues presented by this appeal are moot, and the appeal is dismissed.
 
 
 2
 The claims and cross claims involved all arose out of the licensing agreement between White Front Stores, Inc. and Esgro, Inc. The claims and cross claims were the subject of an action brought in a superior court in California. In a Chapter X proceeding pending in the Bankruptcy Court in the Southern District of New York, claims duplicative of those asserted by Esgro, Inc. in the California lawsuit were filed. By an order filed November 23, 1976, and explained in an opinion filed March 17, 1977 (In re Interstate Stores, Inc., 551 F.2d 1332 (2d Cir.)), this court directed that the parties proceed in California.
 
 
 3
 Esgro, Inc. filed in the Chapter X proceeding in New York an amended claim which expanded its allegations of fraud. The district court entered an order striking the amended claim and later denied a motion to vacate that order. This appeal is from the latter order.
 
 
 4
 Whether the court erred in striking the amended claim is of no significance. It is apparent from the order and opinion of this court in the former appeal that all of the controversies arising out of the licensing agreement were directed to be tried in the California action. Neither the order nor the opinion contains any limiting language, and under California law the expanded issue of fraud sought to be introduced into the New York proceeding, if properly and timely presented, could have been tried in the California action and, if not tried there, was barred. Cal.Code Civ.P. §§ 426.10 and 426.30. When the California action is concluded, it will be res judicata "not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit." Heiser v. Woodruff, 327 U.S. 726, 735, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946). The final judgment in the California action will be the sole basis for any claim in the New York Chapter X proceeding.
 
 
 
 *
 Of the United States District Court for the District of Montana, sitting by designation
 
 
 **
 Of the United States District Court for the Southern District of New York, sitting by designation