KLEIN & VIBBER, P.C.
and Arthur O. Klein

v.

COLLARD & ROE P.C. and
Allison C. Collard.

No. CIV. 3:97CV693 (HBF).

United States District Court,
D. Connecticut.

Feb. 6, 1998.

168

Arthur O. Klein, Westport, CT, for Plaintiff.

Arthur O. Klein, Westport, Solomon M. Lowenbraun, New York City, George M. Moreira, Carmody & Torrance, Waterbury, CT, for Defendants.

### RULING ON DEFENDANT'S MOTION TO DISMISS

FITZSIMMONS, United States Magistrate Judge.

Arthur Klein and the law firm Klein & Vibber, P.C. bring this three count complaint against Allison Collard and the law firm of Collard & Roe for: (1) violation of the Trademark Act of 1946 (Lanham Act); (2) common law trademark infringement and unfair competition; and (3) violation of the Fifth and Fourteenth Amendments to the United States Constitution, all arising out of a 1990 agreement to sell the law practice of Klein & Vibber to Collard & Roe.

Defendants moved to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

For the reasons that follow, defendants' Motion to Dismiss [**Doc. # 17**] is **GRANTED**.[1]

*Subject Matter Jurisdiction*

We first address defendants' contention that the Court lacks subject matter jurisdiction.

A party may move to dismiss because of lack of subject matter jurisdiction at any time during the course of an action. Rule 12(b)(1), Fed.R.Civ.P.; Rule 12(h)(3), Fed.R.Civ.P.; *John B. Hull, Inc. v. Water-*

---

1. The parties consented to a trial before a magis- trate judge on June 4, 1997. [Doc. # 21].

bury Petroleum Products, Inc., 588 F.2d 24, 27 (2d Cir.1978), cert. denied, 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979); Grafon Corp. v. Hausermann, 602 F.2d 781, 783 (7th Cir.1979). Lack of subject matter jurisdiction may be raised, sua sponte, prior to, during or after trial, even at the appellate level. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939); 5A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1350, at 220 (1990 & Supp.1993). Generally, litigants cannot waive subject matter jurisdiction by express consent, conduct, or estoppel. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); 13 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3522, at 66–67.

Once subject matter jurisdiction is challenged, the burden of establishing it rests on the party asserting jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); Grafon, 602 F.2d at 783. Unlike a motion to dismiss pursuant to 12(b)(6), Fed.R.Civ.P., however, dismissals for lack of subject matter jurisdiction are not predicated on the merits of the claim. Exchange Nat. Bank of Chicago v. Touche Ross & Co., 544 F.2d 1126, 1130–31 (2d Cir.1976), cert. denied, 469 U.S. 884, 105 S.Ct. 253, 83 L.Ed.2d 190 (1984).

In a motion to dismiss for lack of subject matter jurisdiction, the court construes the complaint broadly and liberally in conformity with the principle set out in Rule 8(f), Fed.R.Civ.P., "but argumentive inferences favorable to the pleader will not be drawn." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, at 218–219. The mover and the pleader may use affidavits and other materials beyond the pleadings themselves in support of or in opposition to a challenge to subject matter jurisdiction. Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); Exchange, 544 F.2d at 1130. However, "[i]f the jurisdictional allegations of the complaint are complete, uncontradicted, and sufficient, the court must overrule a motion directed merely at the language of the plead-

ing." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 223.

At issue is whether the jurisdictional allegations of this complaint meet the pleading standard for establishing subject matter jurisdiction. Specifically, defendants contend that all of the claims asserted in this lawsuit have been determined in a New York state court action between Collard & Roe, P.C. as plaintiff and Arthur O. Klein and Klein & Vibber, P.C. as defendants. Accordingly, defendants assert that this suit is barred under the doctrine of res judicata.

*BACKGROUND FACTS*

1. Klein & Vibber, P.C. (K & V) is a Connecticut professional corporation, located in Westport, Connecticut. [Compl. ¶ 7]

2. Arthur O. Klein is a Connecticut resident, a member of the Connecticut Bar, and the President of K & V. *Id.* ¶¶ 6. 7.

3. Collard & Roe, P.C. (C & R) is a New York professional corporation located in Roslyn, New York. *Id.* ¶ 10.

4. Allison C. Collard is a New York resident, a member of the New York Bar, and President and sole shareholder of C & R. [Compl. ¶¶ 8, 10; Doc. # 18 ¶ 1]

5. On January 26, 1990, C & R entered into a written agreement with K & V to purchase all of K & V's files, and the library, furniture, and equipment from K & V's New York City office. [Compl. ¶¶ 12].

6. The parties agreed to an affiliation between K & V and C & R for a period of five years. After such time, and the fulfillment of certain conditions, C & R would fully absorb K & V. *Id.* ¶ 13.

7. On or about July 1991, K & V informed its clients of the dissolution of the K & V–C & R affiliation, demanded that C & R return all K & V files, and instructed the U.S. postal authorities to forward all mail addressed to K & V and/or Arthur Klein to K & V's address in Westport, CT. *Id.* ¶¶ 16, 17.

*New York State Action*

8. On April 11, 1992, C & R commenced a civil action against K & V in the Supreme

Court of the State of New York ("New York state action"), seeking (1) payment of $123,000; (2) an order restraining Mr. Klein from representing clients of K & V; and (3) an order restraining Mr. Klein from referring clients of K & V to another patent and trademark attorney. [Compl. ¶ 31].

9. K & V counterclaimed, alleging violation of the Lanham Act, 15 U.S.C. § 1125(a). *Id.*

10. Among other relief, the counterclaims sought (1) an order enjoining the Plaintiff from continuing to hold himself out as the law firm of K & V or its successor; (2) return of the files belonging to K & V; and (3) access to records of a New York bank account which C & R maintained in the name of K & V. *Id.*

11. Sometime in 1995 or 1996, the New York Supreme Court defaulted K & V on its counterclaims. [Doc. # 20 at 13, 16].

12. On December 17, 1996, the New York Supreme Court issued a decision for plaintiff. Judgment entered on February 28, 1997. [Doc. # 17, Ex. Y].

13. On April 2, 1997, the New York Appellate Division dismissed K & V's appeal from the December 17, 1996 decision and the February 28, 1997 judgment. The Court also denied appellant's motion to stay enforcement of the judgment. (Doc. # 17, Ex. Y).

14. On April 10, 1997 the Appellate Division denied K & V's motion for reargument. [Doc. # 17, Ex. X].

*Connecticut Federal Court Actions*

*Civil Action 3:94CV1861(TFGD)*

15. In November 1994, K & V commenced a civil action against C & R in the United States District Court for the District of Connecticut ("Connecticut federal action"), CIV NO. 3:94CV1861(TFGD), alleging violation of the Trademark Act of 1946 (Lanham Act) and common law trademark infringement and unfair competition. [*see* Civ. No. 3:94CV1861 Doc. # 1].

16. K & V also sought a preliminary injunction and expedited discovery. [*see* Civ. No. 3:94CV1861 Doc. # 3].

17. On November 23, 1994, C & R moved to dismiss the Connecticut federal action on the grounds that (1) issues pending in the federal action were already pending in the state action; and (2) the subject matter of the federal action commenced by K & V is the same matter alleged in the counterclaims asserted by K & V in the state action. [*see* Civ. No. 3:94CV1861, Doc. # 7].

18. On January 24, 1995, Judge Daly dismissed civil action 3:94CV1861, stating

It is well settled in this Circuit that "under the congnate doctrine of 'prior action pending,' although a prior action has not yet proceeded to judgment, '[t]he court has the inherent power to dismiss or stay [an] action in favor of the [prior] litigation presenting the same claims and issues.'" *Schlaifer Nance & Co., Inc. v. Estate of Warhol,* 764 F.Supp. 43, 45 (S.D.N.Y.1991). *See also Continental Time Corp. v. Swiss Credit Bank,* 543 F.Supp. 408, 410 (S.D.N.Y.1982); *In re Interstate Stores, Inc.,* 558 F.2d 1046, 1047 (2d Cir.1977) *(per curiam)* (dismissal proper because prior action will bar instant claim when it is concluded). After careful review, and in light of the fact that the plaintiff's complaint involves the same parties and the same claims and issues as those raised in the New York action, the instant motion is hereby GRANTED.

[*see* Civ. No. 3:94CV1861, Doc. # 7].

*Civil Action 3:94CV2053 (TFGD)*

19. On December 20, 1994, Arthur Klein and Klein & Vibber filed a motion to remove the New York State action to the federal court for the District of Connecticut [Civ. No. 3:94CV2053(TFGD), Doc. # 6].

20. On January 24, 1995, Judge Daly dismissed civil action 3:94CV2053, finding removal improper and ordering the case remanded to the Supreme Court of the State of New York, Nassau County [Civ. No. 3:94CV2053(TFGD), Doc. # 6].[2]

---

**2.** Judge Daly's ruling states in relevant part,

28 U.S.C. § 1446 provides that a "defendant desiring to remove any civil action ... from a

State court shall file *in the district court of the United States for the district and division within which such action is pending* a notice of re-

*Removal of State Court Action to the Eastern District*

21. In January 1995, defendants K & V and Arthur Klein removed the New York State action to federal court for the Eastern District of New York. By order dated May 12, 1995, the district court (Wexler, J .) remanded the New York State action to the Supreme Court of State of New York pursuant to 28 U.S.C. § 1446(c) for failure to file timely notice of removal. On January 6, 1996, the Circuit Court dismissed Klein & Vibber and Arthur Klein's appeal of the district court's remand.[3] *See Collard & Roe, Inc. v. Klein & Vibber P.C.*, 100 F.3d 941 (2d Cir. Jan.3, 1996) (dismissing appeal) (unpublished).

*DISCUSSION*

*Rooker–Feldman Doctrine*

 "A challenge under the Rooker–Feldman doctrine is for lack of subject matter jurisdiction, and may be raised at any time by either party or *sua sponte* by the court." *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir.1996) (internal citations omitted). The doctrine "rests on the principle that a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Doctor's Associates, Inc. v. Distajo*, 107 F.3d 126, 137 (2d Cir.1997) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)), *cert. denied,* —— U.S. ——, 118 S.Ct. 365, 139 L.Ed.2d 284 (1997). Since only the Supreme Court can entertain an appeal to reverse or modify a state court judgment, *Moccio*, 95 F.3d at 198 (citing *Rooker*, 263 U.S. at 415–416, 44 S.Ct. 149), "to the extent that the plaintiff's claims [are] 'inextricably intertwined' with the state court's determinations,

the federal district court [does] not have jurisdiction." *Id.* (citing *Feldman*, 460 U.S. at 482–84 n. 16, 103 S.Ct. 1303).

 At a minimum, "inextricably intertwined" means that where a federal plaintiff had an opportunity to litigate a claim in a state proceeding, subsequent litigation of the claim will be barred under the Rooker–Feldman doctrine if it would be barred under the principles of preclusion. *Moccio*, 95 F.3d at 200. "The federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Id.* (quoting *Pennzoil*, 481 U.S. at 25, 107 S.Ct. 1519 (Marshal, J., concurring)).

Any challenge to the default judgment entered against K & V and Arthur Klein in the New York Supreme Court should have been raised in that forum. The record demonstrates that plaintiffs had an opportunity to litigate in the state proceedings. Accordingly, plaintiffs are precluded from appealing to this Court to attack the judgment of the New York Supreme Court and New York Appellate Division.

*Res Judicata*

 Similarly, "[t]he doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits in one action bars subsequent relitigation of the same claim by the same parties and by those in privity with the parties." *Greenberg v. Board of Governors of the Federal Reserve System*, 968 F.2d 164, 168 (2d Cir.1992) (citing *N.L.R.B. v. United Technologies Corp.*, 706 F.2d 1254, 1259 (2d Cir.1983)).

[T]he rule of res judicata provides that when a court of competent jurisdiction has entered a final judgment on the merits ... the judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any

moval...." (emphasis added). In the instant matter, the defendant has purported to remove an action to the District of Connecticut when the action was pending in a New York state court. Accordingly, the removal was improper and this matter is hereby ORDERED remanded to the Supreme Court of the State of New York, Nassau County.

[Civ. No. 3:94CV2053(TFGD), Doc. # 6].

3. The Circuit Court held

Because "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except [in Civil Rights actions]," 28 U.S.C. § 1447(d), we dismiss the defendant's appeal for want of jurisdiction. *Collard & Roe, Inc. v. Klein & Vibber P.C.*, 100 F.3d 941 (2d Cir.1996)

ground whatever, absent fraud or some other factor invalidating the judgment. *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948). The doctrine of res judicata (claim preclusion) applies "if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *In re Teltronics Services, Inc.*, 762 F.2d 185, 190 (2d Cir.1985) (citation omitted). Judgment in absence of fraud or collusion is res judicata even when obtained by default. *Morris v. Jones*, 329 U.S. 545, 550–551, 67 S.Ct. 451, 91 L.Ed. 488 (1947).

Plaintiff argues that the doctrine of res judicata is inapplicable because the issues adjudicated in the New York Supreme court did not include a violation of the Lanham Act. More specifically, plaintiffs argue that both counts[4] in the first action encompass different issues than those presented in this action. The Court finds this arguments unpersuasive and without merit. Plaintiffs state in the complaint at paragraph 31 that K & V asserted a counterclaim for violation of the Lanham Act in the New York State action.

Nevertheless, "[n]ew legal theories do not amount to a new cause of action so as to defeat the application of the principle of res judicata." *In Re Teltronics Services, Inc.*, 762 F.2d at 193. That bar extends both to "issues actually decided in determining the claim asserted in the first action and [to] issues that could have been raised in the adjudication of that claim." *Greenberg*, 968 F.2d at 168 (quoting *N.L.R.B. v. United Technologies Corp.*, 706 F.2d 1254, 1259 (2d Cir.1983)).

The issues presented in both suits arise out of the same 1990 agreement to sell the law practice of K & V to C & R. The parties to this litigation are almost identical, except for the addition of Allison Collard, president and sole shareholder of C & R. There is no question that Collard was privy to the New York State action. Indeed, the record dem-onstrates that these issues were heard by the New York State Supreme Court and the New York Appellate Division, twice. Since 1994, plaintiffs sought removal of the New York State action in the District of Connecticut and the Eastern District of New York with appeal to the Second Circuit and plaintiffs filed two lawsuits in the District of Connecticut. There is no reason that plaintiffs should be back in federal court in 1997 to relitigate claims that were raised or should have been raised in the New York State action. " '[N]o significant harm flows from enforcing a rule that affords a litigant only one full and fair opportunity to litigate an issue, and ... there is no sound reason for burdening the courts with repetitive litigation.' " *United States v. Mendoza*, 464 U.S. 154, 159, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984) (quoting *Standefer v. United States*, 447 U.S. 10, 24, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980)). Plaintiff cannot circumvent the doctrine of res judicata by adding a new defendant to the suit or claiming a new legal theory. Accordingly, dismissal is warranted.

## CONCLUSION

For the reasons stated, defendant's Motion to Dismiss [**Doc. # 17**] is **GRANTED.**

Plaintiff's Application for Order to Show Cause [**Doc. # 4–2**] is **DENIED** in light of this ruling.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. # 21] on June 4, 1997, with appeal to the Court of Appeals.

---

4. Plaintiff argues that Count 1 was essentially a breach of contract claim, and Count 2 was a claim of unfair competition and conversion of funds.