[No. A083127. First Dist., Div. Four. Oct. 29, 1999.]

AL HOLDING COMPANY, Plaintiff and Appellant, v.
O'BRIEN & HICKS, INC., Defendant and Respondent.

## COUNSEL

Law Offices of Peter E. Sitkin and Peter E. Sitkin for Plaintiff and Appellant.

Foley, Bezek & Komoroske, Thomas G. Foley, Jr., and Frances E. Komoroske for Defendant and Respondent.

**OPINION**

**POCHÉ, J.**—Plaintiff, AL Holding Company (AL Holding), appeals from a judgment of dismissal entered after defendant O'Brien & Hicks, Inc.'s (O'Brien & Hicks) demurrer to its complaint was sustained without leave to amend.

■   Because this case comes before us on demurrer we accept as true the complaint's well-pleaded material facts and examine those factual allegations to ascertain if they state a cause of action on any legal theory. (*Garcia v. Superior Court* (1990) 50 Cal.3d 728, 732 [268 Cal.Rptr. 779, 789 P.2d 960]; *Shaolian v. Safeco Ins. Co.* (1999) 71 Cal.App.4th 268, 271 [83 Cal.Rptr.2d 702].)

O'Brien & Hicks demurred to a complaint alleging an amount due on an open book account on the ground that the cause of action was barred because it was never raised in a compulsory cross-complaint in a prior action.[1]

The prior action was instituted by O'Brien & Hicks. In its first amended complaint filed on March 1, 1995, it alleged numerous causes of action and named several defendants including the assignor of AL Holding, the Anden Group (Anden), and Anden's lender. O'Brien & Hicks alleged its claims arose from a business relationship in which it had provided consulting services to Anden which was engaged in the business of residential property development. Anden answered the first amended complaint, but it is undisputed that Anden did not file a cross-complaint against O'Brien & Hicks.

In a settlement conference statement dated June 27, 1996, Anden asserted that it had been "excluded from the substantive settlement negotiations," which had gone on the previous January. Those negotiations apparently resulted in a settlement as between O'Brien and the lender, and it is undisputed that the O'Brien & Hicks complaint was voluntarily dismissed without prejudice as to Anden.

On December 29, 1997, AL Holding, as the assignee of Anden, filed the present action against O'Brien & Hicks on a claim of an amount due on an open book account. AL Holding alleged that between 1977 and 1993 Anden

---

[1]Code of Civil Procedure section 426.30, subdivision (a) provides in pertinent part: "[I]f a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded."

Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

acting with O'Brien & Hicks commercially developed some 35 real property projects. It further alleged that the understanding between the two entities was that Anden would pay to O'Brien & Hicks its actual overhead for management and development and the two entities would share net profits and losses from their projects. The ongoing transactions between the two entities were reflected in the book account, which the complaint alleged showed an outstanding balance due Anden from O'Brien & Hicks as of December 31, 1993, of over $6.2 million.

O'Brien & Hicks demurred to the complaint and sought judicial notice of its 1995 complaint, of Anden's answer to the 1995 complaint, and of Anden's 1996 settlement conference statement. (§ 430.70.) ▮ It is proper for a trial court in ruling upon a demurrer "to consider facts of which it has taken judicial notice" which include the existence of a document, though not the truthfulness or proper interpretation of the contents of the document. (§ 430.30, subd. (a); *StorMedia Inc.* v. *Superior Court* (1999) 20 Cal.4th 449, 457, fn. 9 [84 Cal.Rptr.2d 843, 976 P.2d 214].)[2]

▮ AL Holding argues on appeal, as it did below, that its 1997 complaint cannot be barred by its assignor Anden's failure to file a cross-complaint in the 1995 action because once O'Brien & Hicks voluntarily dismissed its complaint against Anden there was no longer any lawsuit in which Anden was required to bring its transactionally related claim. (§§ 426.10, subd. (c), 426.30, subd. (a), 581, subd. (c).) AL Holding does not contest that its open book account claim was not transactionally related. It does contend that once O'Brien & Hicks voluntarily dismissed there was no related cause of action, nor was Anden any longer a "party against whom a complaint has been filed and served" within the provisions of section 426.30.

Our task is to perceive the plain meaning of the language in section 426.30. If that language is clear we go no further. (*Diamond Multimedia Systems, Inc.* v. *Superior Court* (1999) 19 Cal.4th 1036, 1047 [80 Cal.Rptr.2d 828, 968 P.2d 539].)

The critical time period to which section 426.30 looks is that point in time when the complaint has been filed and served against a defendant and the

---

[2]At the hearing on the demurrer AL Holding's counsel objected to judicial notice being taken of the prior complaint and the answer on the ground they were irrelevant. The three documents were proper subjects of judicial notice in that each had been filed in the 1995 proceeding in superior court. (Evid. Code, § 452, subd. (d)(1).) While a court must decline to take judicial notice of material that is not relevant (*Mangini* v. *R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 [31 Cal.Rptr.2d 358, 875 P.2d 73]), the pleadings in the 1995 case were relevant to the ground for the demurrer.

defendant "*fails* to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he *has* against the plaintiff." (Italics added.) In this case the judicially noticed documents demonstrated that Anden's answer to the first amended complaint was dated March 30, 1995. Neither then nor at any point up to the settlement conference statement dated June 27, 1996, had Anden either filed or sought leave to file a cross-complaint on its open book account claim. (§ 426.50.) Accordingly that claim was barred when AL Holding attempted to assert it in 1997. Such is the clear import of the statutory language.

Because we construe the plain language of section 426.30, we do not address appellant's claims based upon federal or out-of-state authority, nor the policy reasons it advances for a contrary result.

The judgment of dismissal is affirmed.

Hanlon, P. J., and Reardon, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 19, 2000.