[Civ. No. 11240.   Third Dist.   Nov. 18, 1966.]

LEONARD CHARLES BALDING, Plaintiff and Respond-
ent, v. D. B. STUTSMAN, INC., Defendant and Ap-
pellant.

Rust & Hoffman and Clyde Small for Defendant and Appellant.

Randall J. Presleigh, William W. Coshow and Edward W. Bergtholdt for Plaintiff and Respondent.

MUNDT, J. pro tem.*—This is an action for damages arising out of a blasting operation in which the plaintiff sustained personal injuries. Defendant appeals from a judgment in favor of plaintiff, the appeal being predicated on numerous grounds which will be severally discussed hereinafter.

The factual situation which set this action in motion may be briefly stated. Other relevant facts will appear in the opinion. Plaintiff, regularly employed elsewhere, was on June 2, 1964, aiding in the construction of a home in the City of Redding, the work being done for a friend pursuant to a work exchange agreement. While so engaged he heard an explosion. He was immediately thereafter struck on the right arm by an object which proved to be a large rock, as a result of which he sustained the injuries of which he here complains. An investigation disclosed that the explosion was occasioned by blasting operations engaged in by the appellant under arrangements with a corporation, J & K Baker Enterprises, Inc., the stock of which was owned by one Jack Baker and his sister Kay. This corporation was, at the time of the blasting and for a time prior thereto, engaged in developing a subdivision. The defendant, D. B. Stutsman, Inc., also a corporation, had entered into a contract with Baker Enterprises for the installation of storm drains, water pipes and sewers and was so engaged when the incident occurred. At the same time Baker Enterprises was engaged in street grading and the work on it, too, was going forward. During the performance of the grading operations, Jack Baker would encounter rocks which required blasting. Since Baker had had no experience in working with dynamite, an agreement was entered into whereby Stutsman, Inc., through its employees who were experienced in this type of work would, when called upon so to do, blast whatever rocks were required to be broken into segments. There was no arrangement made for payment for the services, the work being performed as a ''courtesy'' between friends, although it appears there was some exchange of equipment from time to time. The services were not called for under the drainage contract. On the day in question, Jack Baker informed defendant's foreman, one Art Taber, that he needed additional blasting of a rock which was interfering with the grading operation, designating the rock to be blasted. The foreman did blast the rock and it was this blast from which the present controversy arose. There is some question as to

---

*Assigned by the Chairman of the Judicial Council.

whether Baker Enterprises or Stutsman, Inc., owned a compressor which was used on the dynamiting job, this being an issue, however, which does not appear to be material to the resolution of any problem in the case. The explosion occurred some 700 feet from where plaintiff was working and scattered debris, including large rocks, over an extensive area. Plaintiff elected to proceed against appellant and Wally Baker, an agent of Baker Enterprises, only. The complaint against Wally Baker was dismissed on motion of plaintiff on January 22, 1964.

With this background and factual situation in mind, we turn to the issues which are stated by appellant as follows: (1) The trial court erred in denying appellant leave to file a cross-complaint joining J & K Baker Enterprises, Inc., as a party to the action prior to trial; (2) The trial court erroneously instructed the jury concerning the doctrine of strict liability and that of special versus general employment; (3) The trial court erroneously refused to curb improper argument by plaintiff's counsel, or to admonish the jury. We discuss and determine these issues in the order in which they are stated.

The contention that the court erred in denying defendant's motion to file a cross-complaint bringing in Baker Enterprises as a party is based on a theory by appellant that it is entitled to indemnification from Baker Enterprises, overlooking the rule that a plaintiff in a personal injury action is entitled, absent certain circumstances, to select the defendant and to proceed against those whom he believes to be responsible for his injuries and from whom he is more likely to recover. ■ The rule is stated in *Thornton* v. *Luce,* 209 Cal.App.2d 542, at pp. 551-552 [26 Cal.Rptr. 393], as follows: ". . . Absent some special relationship between the parties, other than their potential liability as joint tortfeasors, a plaintiff should be able to control his case by proceeding against the party or parties whom he feels to be most clearly liable. Under such circumstances, an alleged wrongdoer should not be permitted to assert the right, even subject to the restrictions of sections 442 and 1048 of the Code of Civil Procedure, to bring in other persons whom he feels might in some fashion have contributed to the consequences of his own wrongful conduct where such right is based, not upon the theory that the presence of such other persons would defeat the plaintiff's claim, but only that it would lighten the wrongdoer's burden."

■ While there are circumstances in which a defendant may bring in a cross-defendant, we find nothing in this record

which would justify such a determination here. We have examined the proposed cross-complaint, refused by the trial court. It is devoid of any allegation of a relationship or conduct by the proposed cross-defendant which would compel indemnification by Baker Enterprises or a contribution by that corporation. It was merely asserted that cross-complainant, pursuant to an agreement with Baker Enterprises, furnished servants and equipment to assist cross-defendant in the blasting operation; that on the date in question those servants, under the direction of Baker Enterprises, performed blasting operations; and that said blasting was performed in a careful, lawful and workmanlike manner and without any negligence whatever on the part of cross-plaintiff or cross-plaintiff's servants. No negligence on the part of Baker Enterprises was asserted, and it was agreed in the proposed pleading, by the pleader, that appellant was an agent and servant of Baker Enterprises, the cross-defendant. Under such circumstances, appellant, if liable, was primarily so and indemnity could be claimed, not by appellant who sought to file the cross-complaint, but by Baker Enterprises, the proposed cross-defendant. (*Popejoy* v. *Hannon,* 37 Cal.2d 159 [231 P.2d 484] ; *Herrero* v. *Atkinson,* 227 Cal.App.2d 69 [38 Cal.Rptr. 490, 8 A.L.R.2d 629].) Neither a contract nor a special relationship was pleaded by appellant to show that it was only secondarily liable.

Appellant contended that he was not even aware until the date of the pretrial, long after his answer had been filed, that all of the Baker interests were not parties, and that it was then he decided to file his motion which was denied. By this time the case was scheduled to be tried on February 9, 1965, the motion having been noticed for hearing on January 25 and having been denied on January 27, a few days before the trial date.

The trial court's action denying the motion was proper and was not an abuse of discretion under Code of Civil Procedure section 442. Appellant's contention in this regard is without merit. (*Nels E. Nelson, Inc.* v. *Tarman,* 163 Cal.App.2d 714, 730 [329 P.2d 953].)

We next examine the contention that the trial court erred in its instructions to the jury anent the doctrine of strict liability and that of special employment as opposed to general employment. These issues will be considered separately.

The case was tried on the theory that it was one of strict liability because of the ultrahazardous activity in which the

defendant was engaged. The court instructed the jury: "Blasting or the use of explosives in populated surroundings, such as in this case, in the vicinity of dwelling places, is considered an ultra hazardous activity, for which the operator, or the one who is conducting the blasting operations, is held strictly liable for damages regardless of the degree of care with which the blasting is performed."

Appellant concedes the rule to be well settled that the use of the explosives in the vicinity of a residential area requires the invocation of the absolute liability doctrine, citing section 520 of the Restatement of Torts; *McKenna* v. *Pacific Electric Ry. Co.*, 104 Cal.App. 538 [286 P. 445]; and *Alonzo* v. *Hills*, 95 Cal.App.2d 778 [214 P.2d 50]. ■ Appellant asserts, however, that the question as to whether or not the blasting here was in the vicinity of a residential area was one of fact which should have been submitted to the jury. We are not in accord with this contention. There were several homes in the area of the building on which plaintiff was working when the blast occurred, all of which were situate in the City of Redding and at least two of these homes were closer to the blast than the location then occupied by the plaintiff. Windows in those homes rattled, and rocks and debris were scattered over occupied residential areas within the perimeter. Under these circumstances, the instruction was proper since the issue of whether a case is one of strict or absolute liability is one of law for the court, which obviously found, as a fact, that the blasting did occur in the vicinity of dwelling places. ■ The question of whether a case is a proper one for the imposition of the rule of absolute or strict liability is one of law for the court. (*Luthringer* v. *Moore*, 31 Cal.2d 489, 491, 496 [190 P.2d 1].)

■ Appellant further complains that the trial court erred when it refused to give an instruction on special employment, instructing the jury rather that if, "the employees had either actual or implied authority to do the act in question, you will find for the plaintiff. . . ." There is no serious question here in relation to the status of Art Taber, the man who actually did the blasting. As we have seen, he was an employee of the appellant and was acting in the scope and course of his employment when the act of the blasting occurred. Jack Baker, as indicated, had had no experience in blasting and did not direct Taber in the performance of the function nor in any way seek to or exercise control. Under these facts, the question of general or special employment was not a jury question. This

view finds support in the cases of *McComas* v. *Al. G. Barnes Shows Co.*, 215 Cal. 685 [12 P.2d 630] ; *Llewellyn Iron Works* v. *Smith*, 133 Cal.App. 475 [24 P.2d 532] ; and in the more recent case of *Mart* v. *Riley*, 239 Cal.App.2d 649 [49 Cal.Rptr. 6], where we held that under the circumstances there the matter of employment was not a jury question, but one for the court. So it is here.

Finally, appellant complains and assigns as prejudicial misconduct certain remarks of plaintiff's counsel made during his final argument. These remarks, appellant submits, were such as to inflame the jury and were uttered for that purpose and with that intent and that in fact and as a result thereof the jury awarded excessive damages of a punitive nature.

Plaintiff's counsel during his argument referred to the blasting as the bombing of a neighborhood, the throwing of shrapnel. He also forsensically assumed the brains of a small child being spilled out on the sidewalk as a result of dynamiting, an event which everyone, including the jury, was aware did not occur. We recall in this regard that it had been determined that appellant was engaged in a hazardous activity, and that there was absolute liability. Under all of the circumstances, as suggested by the trial court, the activity might well be characterized as a bombing operation in the extravagant hyperbole not unusual in a jury summation. We doubt that those remarks were of such a nature to influence members of the jury, already familiar with the facts of the case, to exact from defendant damages which were not justified by the evidence. The trial court, in a position to weigh the conduct and determine its effect, decided the issue adversely to appellant. His views are entitled to and must be given great weight by this court in the absence of error which does not appear to be present here. (*Hale* v. *San Bernardino etc. Co.*, 156 Cal. 713 [106 P. 83] ; *Shriver* v. *Silva*, 65 Cal.App.2d 753 [151 P.2d 528].) We find no merit in this contention.

The judgment is affirmed. The order denying defendant leave to file a cross-complaint being nonappealable, the purported appeal is dismissed.

Pierce, P. J., and Friedman, J., concurred.