**CONOPCO, INC., Plaintiff–Appellant,**

v.

**ROLL INTERNATIONAL and Paramount Farms, Inc., Defendants–Appellees.**

**Docket No. 00–7012.**

United States Court of Appeals, Second Circuit.

Argued: June 2, 2000

Decided: Nov. 3, 2000

Robert F. Serio, Gibson Dunn & Crutcher, LLP, New York, N.Y.. (Thomas C. Sheehan, of counsel), for Plaintiff–Appellant.

Andrew S. Clare, Loeb & Loeb, LLP, Los Angeles, CA (Lawrence B. Gutcho, of counsel, P. Gregory Schwed and Maria L. Zanfini, Loeb & Loeb, New York, NY, of counsel, Hillel Chodos, Los Angeles, CA, of counsel), for Defendants–Appellees.

Before: McLAUGHLIN, PARKER, Circuit Judges, and DORSEY, District Judge.*

Judge DORSEY dissents in a separate opinion.

## BACKGROUND

McLAUGHLIN, Circuit Judge:

This civil procedure morass arises from the sale by Conopco, Inc. d/b/a Lipton ("Conopco") of its Sunkist brand fruit roll snack business to Roll International Corporation ("Roll") and Roll's wholly-owned subsidiary·Paramount Farms, Inc. ("Paramount"). Under a purchase agreement signed in June 1995 (the "Purchase Agreement"), Conopco agreed to transfer its existing fruit roll inventory (the "Inventory") to Roll at a closing date one month later. When the Purchase Agreement was signed, the book value of the Inventory was $3,060,000, but this figure was stale because it had not been updated since December 1994. The parties therefore agreed that the purchase price would be adjusted at the closing to reflect any subsequent change in the Inventory's value.

Section 2.5 of the Purchase Agreement entitled "Post–Closing Inventory Adjustment," also provided that, within 30 days after the closing, Conopco would deliver to Roll a statement of the book value of the Inventory confirming that a physical count of the Inventory had been conducted by Conopco on the closing date (the "Closing. Date Inventory Statement"). Unless Roll then notified Conopco of any objections within 30 days of receipt of the statement, in writing, the Closing Date Inventory Statement would become final and binding. If Roll did object within the 30 days, and the parties were unable to resolve their differences, § 2.5 required them to submit to binding arbitration.

The sale closed successfully on July 28, 1995. But the parties' relationship soured

* The Honorable Peter C. Dorsey, of the United States District Court for the District of Connecticut, sitting by designation.

when Conopco delivered a Closing Date Inventory Statement to Roll claiming that Roll owed an additional $2,452,634 based on the value of the Inventory at closing (the "Inventory Adjustment Claim"). Roll challenged this claim and settlement negotiations ensued.

In early 1997, Roll and Paramount notified Conopco that they would neither arbitrate nor settle the Inventory Adjustment Claim. Roll never paid Conopco any portion of the $2,452,634, and the parties never submitted the claim to an arbitrator.

As it turned out, the Inventory Adjustment Claim was the least of Conopco's problems. In December 1996, Roll and Paramount had already sued Conopco and its parent company, Unilever United States, Inc., in California Superior Court (the "California Action") seeking to rescind the Purchase Agreement. The plaintiffs there alleged that Conopco and Unilever had breached numerous representations and warranties in the Purchase Agreement and had fraudulently misrepresented the fruit roll business's sales and expense figures.

Most significantly, in its answer in the California Action, Conopco did *not* assert its Inventory Adjustment Claim as a set-off to any claims raised by Roll or Paramount. Nor did it file a cross-complaint.[1] Indeed, Conopco failed to raise the issue until May 1998—almost 1½ years later and only 3 months before the trial was scheduled to start—when it moved to compel arbitration of the Inventory Adjustment Claim or, in the alternative, for leave to file an untimely cross-complaint.

The next month, the California Superior Court denied both prongs of Conopco's motion. The trial court held that Conopco had waived its right to arbitrate; and it

rejected Conopco's contention that its failure to plead its Inventory Adjustment Claim had been in good faith. Commenting acidly that, "to say that the defendant has been dilatory in asserting the cross-complaint … is an understatement," the California court refused to grant Conopco leave to file an untimely cross-complaint in light of the "substantial prejudice to the court and the plaintiff."

Conopco appealed the denial of its motion to compel arbitration. In the alternative, it sought a "writ of mandate" from the California Court of Appeal compelling the trial court to allow the filing of its untimely cross-complaint.[2] The Court of Appeal: (1) affirmed the denial of Conopco's motion to compel arbitration; and (2) refused to issue the writ of mandate, declining to hear the appeal of the cross-complaint ruling until a final judgment was entered by the trial court.

Needless to say, Conopco was not pleased. It filed the instant diversity action against Roll and Paramount in the Southern District of New York in March 1999, alleging breach of contract and unjust enrichment. The defendants moved under Fed.R.Civ.P. 12(b)(6) to dismiss the complaint. They argued that: (1) California Code of Civil Procedure § 426.30 (the compulsory cross-complaint provision) barred Conopco from asserting its Inventory Adjustment Claim in this action; (2) Conopco's waiver of its right to arbitrate its Inventory Adjustment Claim barred it from asserting that claim here; and (3) the action should be dismissed or stayed in deference to the pending California Action.

Conopco opposed the motion, maintaining that the California compulsory cross-complaint statute has no extraterritorial effect and, even if it did, it would not

---

1. Due to a peculiarity of California law, what are commonly known as counterclaims are referred to as cross-complaints.

2. Under California practice, an interlocutory order denying leave to file a cross-complaint is reviewable only upon appeal from the final judgment, or upon an application for an ex-

traordinary writ, in this case a writ of mandate. *See* Cal. Civ. P.Code §§ 904.1 and 906; *Foot's Transfer & Storage Co. v. Superior Court*, 114 Cal.App.3d 897, 171 Cal.Rptr. 1 (1980); *Balding v. D.B. Stutsman, Inc.*, 246 Cal.App.2d 559, 54 Cal.Rptr. 717, 721 (1966).

operate to bar Conopco from asserting its Inventory Adjustment Claim in a subsequent action until a final non-appealable judgment was entered in California.

On November 16, 1999, the district court granted the defendants' motion to dismiss. *See Conopco, Inc. v. Roll Int'l Corp.*, 75 F.Supp.2d 196 (S.D.N.Y.1999). Giving full faith and credit to the order of the California Superior Court, *see* 28 U.S.C. § 1738, the district court held that: (1) Conopco's Inventory Adjustment Claim should have been asserted as a compulsory cross-complaint in the California Action pursuant to Cal. Civ. P.Code § 426.30; and (2) that, by failing to file a timely cross-complaint, or to successfully obtain leave to file an untimely cross-complaint, Conopco was precluded from raising the claim in a subsequent action, whether or not a final non-appealable judgment had been entered in the California Action. *See id.* at 198–201.

In the meantime, about three months before the district court order, Conopco, Roll and Paramount had entered into a settlement agreement in the California Action on August 3, 1999. That settlement agreement provided that: (1) Roll and Paramount's claims, other than their claim for rescission of the Purchase Agreement, were settled for $22 million; (2) if the California court held, after a bench trial, that Roll and Paramount were entitled to rescission, they would be paid an additional $18 million subject to a reversal on appeal; (3) if the California court held that Roll and Paramount were not entitled to rescind the Purchase Agreement, no further money would be paid; and (4) the parties agreed to cooperate in the sale of the fruit roll business and to split the proceeds equally.

■ Thereafter, the California Superior Court held that Roll and Paramount were entitled to rescind the Purchase Agree-

ment as a result of Conopco's fraudulent representations and warranties. On November 29, 1999, a final judgment in favor of Roll and Paramount, incorporating the settlement agreement by reference, was entered by the California trial court. On January 19, 2000, Conopco filed a notice of appeal, appealing the final judgment and also the June 11, 1995 order denying its motion for leave to file an untimely cross-complaint.[3] Conopco's state court appeal is still pending before the California Court of Appeal.

Back in the federal arena, Conopco now appeals from the district court's dismissal of its complaint. It contends that: (1) the district court erred by applying Cal. Civ. P.Code § 426.30 because *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny require federal courts sitting in diversity to apply federal procedural rules; and (2) even if it were proper to apply the California statute, the district court erroneously held that Conopco was barred from asserting its Inventory Adjustment Claim absent a final non-appealable judgment in the California Action.

For the reasons set forth below, we affirm.

## DISCUSSION

■ We review a district court's dismissal of a complaint for failure to state a claim *de novo. See Lee v. Bankers Trust Co.,* 166 F.3d 540, 543 (2d Cir.1999). Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate when a defendant raises claim preclusion or, as here, statutory waiver and bar as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law. *See Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.1992)

---

**3.** Upon the motion of Roll and Paramount, and without objection from Conopco, we agree to take judicial notice of the final judgment entered by the California Superior Court and the Notice of Appeal. *See* Fed.

R.Evid. 201. As will be developed *infra,* the term "final judgment" means the judgment entered by a trial court that concludes all proceedings between the parties therein.

(claim barred by *res judicata*); *United States v. Eastport S.S. Corp.*, 255 F.2d 795, 802 (2d Cir.1958) (claim barred by compulsory counterclaim statute).

All parties agree that Conopco's Inventory Adjustment Claim should have been raised as a compulsory cross-complaint in the California Action. Therefore, the only issues before us are: (1) whether we are required to apply Fed.R.Civ.P. 13(a) or the California compulsory cross-complaint statute in determining the viability of Conopco's claims; and (2) whether Conopco's claims are barred under the applicable statute even though the judgment in the California Action is currently pending appeal.[4]

### I. *Applicable Law*

Conopco asserts that federal courts sitting in diversity are required under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny, to apply Fed.R.Civ.P. 13(a) to determine whether a party is precluded from raising in federal court a claim that should have been raised as a compulsory counterclaim in a prior state proceeding. We disagree.

■ The Full Faith and Credit Act provides that "judicial proceedings of any court of any [ ] State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. To qualify for full faith and credit under the Act, the "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). If the proceedings of a state trial court comported with due process, every federal court must afford the final judgment entered therein the

same preclusive effect it would be given in the courts of that state. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 85, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Kremer*, 456 U.S. at 466, 102 S.Ct. 1883; *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 265 (2d Cir.1997); *Doctor's Assocs. v. Distajo*, 66 F.3d 438, 446 (2d Cir. 1995).

■■ To determine the effect of a state court judgment, federal courts, including those sitting in diversity, are required to apply the preclusion law of the rendering state. *See Migra*, 465 U.S. at 81, 104 S.Ct. 892; *Jacobson*, 111 F.3d at 265; *Doctor's Assocs.*, 66 F.3d at 446–47. "Federal courts may not 'employ their own rules ... in determining the effect of state judgments,' but must 'accept the rules chosen by the State from which the judgment is taken.'" *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996) (quoting *Kremer*, 456 U.S. at 481–82, 102 S.Ct. 1883).

■ Although these principles have traditionally been applied with respect to the affirmative defenses of *res judicata* (claim preclusion) and *collateral estoppel* (issue preclusion), we join the majority of our sister circuits in extending them to the cognate affirmative defense of statutory waiver and bar of a compulsory counterclaim. *See, e.g., Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249, 1253–54 (9th Cir.1987); *H.E. Brannan v. Eisenstein*, 804 F.2d 1041, 1044 (8th Cir.1986); *Fox v. Maulding*, 112 F.3d 453, 456–57 (10th Cir.1997) (addressing both *res judicata* and compulsory counterclaim statute); *see also Oberman v. Weiner (In re Crispo)*, No. 96 B 42570(JLG), 1997 WL 258482, at *5, 8, 12 (Bankr.S.D.N.Y.1997) (same); *Cohen v. Shea*, 788 F.Supp. 66, 67–69 (D.Mass.1992) (same); James Flem-

---

4. In light of the fact that judgment was subsequently entered in the California Action, at oral argument Conopco abandoned, as moot, its original argument that its claims were not barred until the action in the California trial court proceeded to judgment.

ing, Jr. & Geoffrey C. Hazard, Jr., *Civil Procedure* § 11.14, at 560 (2d ed. 1977) ("[T]he scope of preclusion" resulting from the application of a compulsory counterclaim statute "is determined by the law of the court in which the judgment was rendered.") (citing Restatement (Second) of Conflict of Laws §§ 94, 95).

◼ Under 28 U.S.C. § 1738, we are required to give full faith and credit to the final judgment entered in the California Action. The parties do not contest that the court had both *in personam* and subject matter jurisdiction. In addition, the parties were given notice and an opportunity to be heard with respect to the claims against them. Although Conopco has appealed the final judgment, and with it, the denial of its motion to file an untimely cross-complaint, Conopco has never contended that it was in any way denied its due process rights.

◼ Nevertheless, the dissent concludes that Conopco was denied due process because the California trial court wrongly denied its motion to file an untimely cross-complaint absent evidence of bad faith. Apart from the fact that Conopco itself has made no such due process claim, this analysis is difficult to embrace. First, a *de novo* review of the California trial court's decision is not properly within the scope of our appellate jurisdiction. Second, even if the trial court's decision were erroneous, it would not create a due process claim on behalf of Conopco. It is black-letter law that due process guarantees a fair *hearing, not* a legally correct *outcome. See Collins v. City of Harker Heights, Texas,* 503 U.S. 115, 129, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Lavine v. Milne,* 424 U.S. 577, 587, 96 S.Ct. 1010,

47 L.Ed.2d 249 (1976) ("The Fourteenth Amendment does not guarantee that all decisions by state officials will be correct. . . ."); *Interport Pilots Agency, Inc. v. Sammis,* 14 F.3d 133, 144 (2d Cir.1994); *Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 25 n. 7, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978) ("The Due Process Clause does not guarantee a correct or [even] a courteous resolution of every dispute.") (Stevens, *J.,* dissenting); *Del's Big Saver Foods, Inc. v. Carpenter Cook, Inc.,* 795 F.2d 1344, 1350 (7th Cir.1986) ("Due process does not guarantee correct outcomes in every case; that would make every error of state law that deprived a person of liberty or property a federal constitutional error, which is an absurd proposition.") (citation omitted); Laurence H. Tribe, *American Constitutional Law* 666 (2d ed.1988); 3 Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law: Substance and Procedure* § 17.8, at 100 (3d ed.1999). Accordingly, the trial court's judgment is entitled to the full faith and credit guaranteed by 28 U.S.C. § 1738.

◼ We must therefore look to California law to determine whether entry of the state court judgment precludes Conopco from raising its Inventory Adjustment Claim in a subsequent action.[5] *See Migra,* 465 U.S. at 81, 104 S.Ct. 892; *Jacobson,* 111 F.3d at 265; *Doctor's Assocs.,* 66 F.3d at 446–47.

## II. *Preclusive Effect in California*

◼ The California law applicable to this dispute is section 426.30(a) of the California Code of Civil Procedure, the state's compulsory cross-complaint provi-

---

5. Conopco argues that Fed.R.Civ.P. 13 ought to control the analysis. However, Rule 13 simply does not enter the dispute. Neither Roll nor Paramount is seeking permission to file a counterclaim under Rule 13 and Conopco is not arguing that Roll or Paramount failed to file a compulsory counterclaim in this or any prior federal proceeding. The cases relied upon by Conopco are inapposite.

*See, e.g., Com/Tech Communication Techs. v. Wireless Data Sys., Inc.,* 163 F.3d 149 (2d Cir.1998) (*per curiam* ) (holding that, when an action commenced in state court as an expedited action for payment on a note is removed to federal court, Fed.R.Civ.P. 13 governs the issue of whether defendant can assert counterclaims even though such claims would not have been allowed in state court).

sion. That statute provides in pertinent part:

> [I]f a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

A compulsory cross-complaint must be filed "before or at the same time as the answer to the complaint." Cal. Civ. P.Code § 428.50. Failure to file a timely cross-complaint results in a waiver and bar of that cause of action unless the trial court grants the defendant leave to file an untimely cross-complaint pursuant to § 426.50. *See Carroll v. Import Motors, Inc.*, 33 Cal.App.4th 1429, 39 Cal.Rptr.2d 791, 795 (1995); *Gherman v. Colburn*, 72 Cal.App.3d 544, 140 Cal.Rptr. 330, 339 (1977).

▇ Upon the defendant's motion, the trial court must grant leave to file an untimely cross-complaint if the defendant can demonstrate that his failure to plead was in good faith. *See* Cal. Civ. P.Code § 426.50; *id.* § 426.30, leg. comm. cmt. (1973); *Silver Org. Ltd. v. Frank*, 217 Cal. App.3d 94, 265 Cal.Rptr. 681, 683 (1990); *Gherman*, 140 Cal.Rptr. at 339–40. However, leave may not be granted once a judgment has been entered on the underlying complaint. *See City of Hanford v. Superior Court*, 208 Cal.App.3d 580, 256 Cal.Rptr. 274, 278 (1989).

Conopco concedes, as it must, that its Inventory Adjustment Claim constituted a "related cause of action," Cal. Civ. P.Code § 426.10, which it had against Roll and Paramount "at the time of serving [its] answer to the complaint" in the California Action, Cal. Civ. P.Code § 426.30. It further admits that it failed to file such claim

as a compulsory cross-complaint at the time it filed its answer in the California Action. Therefore, absent permission from the trial court to file an untimely cross-complaint, Conopco's Inventory Adjustment claim was waived and statutorily barred as of the time it filed its answer.

Conopco filed a motion pursuant to Cal. Civ. P.Code § 426.50 seeking leave to file an untimely cross-complaint; but the trial court refused to lift the bar. The court concluded that granting the motion so close to trial would cause "substantial prejudice to the court and the plaintiff," and apparently found that Conopco's dilatory tactics were not in good faith. Thereafter, the California Court of Appeal denied Conopco's petition for a writ of mandate directing the trial court to allow the cross-complaint.

A final judgment against Conopco was entered by the trial court on November 29, 1999. Therefore, under California law, the trial court no longer has the discretion to permit the filing of an untimely cross-complaint, and Conopco is barred from asserting its Inventory Adjustment claim in any subsequent action. *See* Cal. Civ. P.Code §§ 426.30(a), 426.50; *City of Hanford*, 256 Cal.Rptr. at 278 ("Once judgment is entered, the party cannot assert his or her unpleaded claim in a separate lawsuit."); Robert I. Weil & Ira A. Brown, Jr., *California Practice Guide: Civil Procedure Before Trial* § 6:520 (2000). A California court would be required to dismiss any complaint filed in violation of § 426.30(a). *See* Cal. Civ. P.Code §§ 436(b), 581(f)(3); *Carroll*, 39 Cal. Rptr.2d at 796. Accordingly, because 28 U.S.C. § 1738 requires us to afford the California judgment the same preclusive effect it would be given in the courts of that state, Conopco's federal claims must be dismissed.[6]

---

**6.** Because a final judgment has now been entered in the California Action, we need not decide whether the district court correctly concluded that Conopco's claims would have been barred after its motion to file an untimely cross-complaint was denied but prior to the entry of judgment.

 Conopco argues, and the dissent is persuaded that, by analogy to California's *res judicata* doctrine, the statutory bar does not take effect until the trial court's judgment has been affirmed on appeal. We agree with the district court that this argument is without merit. It is true that (in stark contrast to the rules in federal court and the vast majority of states) California does indeed require that a judgment be both final *and non-appealable* (*i.e.*, the appellate process has concluded or the time in which to appeal has passed) before it will earn *res judicata* or *collateral estoppel* effect. *See Wright v. Turner (In re Turner)*, 204 B.R. 988, 992 (9th Cir.BAP 1997); *Lucido v. Superior Court*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990); *McKee v. Nat'l Union Fire Ins. Co.*, 15 Cal.App.4th 282, 19 Cal.Rptr.2d 286, 289–90 (1993); Cal. Civ. P.Code §§ 577, 1049, 1908; 7 B.E. Witkin, *California Procedure: Judgment* §§ 307, 309, 312 (4th ed.1997). However, this odd "finality" requirement is a quirk of California *res judicata* jurisprudence. It is *not* a requirement of its compulsory cross-complaint statute.[7]

As correctly noted by the district court, the language of Cal. Civ. P.Code § 426.30 does not support Conopco's argument. By its own terms, the California statute, entitled "Waiver of related cause of action," is based on principles of waiver and estoppel—not *res judicata*. Cal. Civ. P.Code § 426.30; *see Carroll*, 39 Cal.Rptr.2d at 795 (referring to § 426.30(a) as a "waiver provision"); *accord Currie Med. Specialties, Inc. v. Bowen*, 136 Cal.App.3d 774, 186 Cal.Rptr. 543, 545 (1982); Hon. James R. Lambden, et al., 1 *California Civil Practice* § 9:111 (1992) (defendant's "waiver" of claims by failing to comply with § 426.30(a) results in a statutory "bar"). The key to removing the statutory bar during the pendency of the action is the ability of the defendant to prove his good faith. *See* Cal. Civ. P.Code § 426.50; *id.* § 426.30, leg. comm. cmt. (1973); *Silver Org. Ltd. v. Frank*, 217 Cal.App.3d 94, 265 Cal.Rptr. 681, 683 (1990); *Gherman*, 140 Cal.Rptr. at 339. Therefore, although the statute is admittedly a cousin of *res judicata*, *see Hulsey v. Koehler*, 218 Cal. App.3d 1150, 267 Cal.Rptr. 523, 526 (1990) (like *res judicata*, § 426.30 is a defense that must be specially pleaded or else is waived), it creates a separate affirmative defense, in addition to that of *res judicata*, *see Flickinger v. Swedlow Engineering Co.*, 45 Cal.2d 388, 289 P.2d 214, 216–18 (1955), that is *not* based on the principle that all available causes of action merge into a final judgment. *See Al Holding Co. v. O'Brien & Hicks, Inc.*, 75 Cal.App.4th 1310, 89 Cal.Rptr.2d 918, 920 (1999) (barring claim not asserted in compulsory cross-complaint where complaint in first action was voluntarily dismissed by plaintiff); *Carroll*, 39 Cal.Rptr.2d at 795 (applying bar even though initial action was still pending); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1417, at 133 (2d ed.1990) (statutes based on theories of waiver or estoppel arising from a litigant's culpable conduct in failing to assert a compulsory counterclaim provide "a more apposite and useful approach to the problems of omitted counterclaims than does the doctrine of claim preclusion"); Fleming &

---

7. Nor is it, as the dissent suggests, a requirement in order to "trigger" our obligations to afford the trial court's judgment full faith and credit under 28 U.S.C. § 1738. The dissent has erroneously conflated the two-part analysis required under the Full Faith and Credit Act (*i.e.:* (1) whether, under federal law, the judgment is entitled to full faith and credit; and (2) what preclusive effect would the judgment be given under the law of the rendering state) into a single question by concluding that the trial court's judgment is not entitled to full faith under the Act because it does not satisfy California's *res judicata* finality requirement. The dissent's reliance on *Baker v. General Motors Corp.*, 522 U.S. 222, 233, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998), in support of its argument is misplaced. Nothing in *Baker* even suggests that a trial court's final judgment must have been upheld on appeal (or the time for appeal must have passed) before it will be entitled to full faith and credit under the Act.

Hazard, *supra*, § 11.14, at 559 (unlike *res judicata*, a compulsory counterclaim rule "ordinarily applies even if the first action was not decided on the merits, so that defendant will be barred simply by failing to assert his counterclaim, however the plaintiff's claim may be determined"). Conopco and the dissent simply refuse to recognize this pivotal distinction.

California has a separate statute expressly addressing the *res judicata* effect to be accorded a final judgment. *See* Cal. Civ. P.Code § 1908. Notably, the compulsory cross-complaint statute makes no reference whatever to a "final judgment," nor does it in any way cross-reference the *res judicata* statute. There is simply no support for Conopco's argument to be found in the relevant provisions of the California Code of Civil Procedure.

No California court addressing a defendant's failure to comply with § 426.30 has required the trial court's judgment to have been affirmed on appeal (or the time for appeal to have expired) prior to applying the statutory bar. Moreover, in *City of Hanford*, the California Court of Appeal squarely rejected the interpretation suggested by Conopco in this regard. With respect to compulsory cross-complaints, the court stated: "If the claim has not been pleaded by the time the case goes to trial, judgment in the underlying action will bar later recovery by the party on the related claim." *City of Hanford*, 256 Cal. Rptr. at 278. For purposes of § 426.30(a), the Court of Appeal defined the term "judgment" as "the final determination *in the trial court* of the rights of the parties in an action or proceeding. Thus, entry of judgment on the original complaints was a final resolution in the trial court of the issues therein." *Id.* at 279 (citation omitted) (emphasis added).

Although Cal. Civ. P.Code § 428.50(c) provides that the trial court may grant leave to file an untimely cross-complaint "at any time during the course of the action," the Court of Appeal refused to interpret this section in accordance with the *res judicata* statute to deem the action pending until it is finally determined on appeal or until the time for appeal had passed. *Id.* at 278.[8] Once the action has proceeded to judgment, the trial court no longer has discretion to lift the statutory bar prescribed by Cal. Civ. P.Code § 426.30(a). "It is immaterial that the action technically remains pending for other purposes (*e.g.*, appeal)." Weil & Brown, *California Practice Guide: Civil Procedure Before Trial* at § 6:557.

Conopco's argument is unsupported by California law and it directly abrades Cal. Civ. P.Code § 426.30. As stated in *Saunders v. New Capital for Small Businesses, Inc.*, 231 Cal.App.2d 324, 41 Cal.Rptr. 703 (1964), the purpose of California's compulsory cross-complaint statute is "to provide for the settlement in a single action of all conflicting claims between the parties arising out of the same transaction and thus to avoid multiplicity of actions and conflicting judgments." *Id.* at 710 (internal citation omitted) (discussing predecessor statute). Conopco admits that it failed to raise its Inventory Adjustment Claim in a compulsory cross-complaint as required by Cal. Civ. P.Code § 426.30. The California Superior Court then refused to remove the statutory bar, finding evidence of good faith to be lacking. To permit Conopco to file its claims in federal court "would encourage just the kind of piecemeal litigation section 426.30 is intended to prohibit." *Carroll*, 39 Cal.Rptr.2d at 795. We therefore decline to adopt the construction urged by Conopco. Conopco must look to the California Court of Appeal for relief

---

**8.** The dissent erroneously relies on the definition of "final" judgment applicable solely to California's *res judicata* jurisprudence. Although the dissent is discomfited by the fact that, under California's compulsory cross-complaint statute, a defendant's unpleaded claims would be barred before a plaintiff's, we must "accept the rules chosen by the State from which the judgment is taken." *Matsushita*, 516 U.S. at 373, 116 S.Ct. 873 (internal quotation marks and citation omitted).

from its waiver, and the resulting bar, of its Inventory Adjustment Claim.

## CONCLUSION

We have considered the parties' remaining contentions and find them to be without merit. Accordingly, we AFFIRM the district court's order dismissing Conopco's complaint.

DORSEY, District Judge, dissenting:

I respectfully dissent from my colleagues' decision. The California procedure at issue makes compulsory the filing of a cross-complaint to allege a claim related to a pending claim and bars a subsequent assertion of the claim in another action. *See* Cal.Civ.P.Code § 426.30. The majority would enforce that bar when there is a judgment in the case at the trial court level, on the basis of full faith and credit, despite an appeal of a denial of a request to file a late cross-complaint as permitted by Cal.Civ.P.Code § 426.50. Premature effect is thus accorded a state procedural statute, resulting in affirmance of an improper dismissal.

Fed.R.Civ.P. 13(a) is inapplicable as there was no failure to file a compulsory cross-complaint in any federal proceeding. The inquiry is correctly conducted as a full faith and credit analysis. However, absent the requisite finality of judgment under federal and California law, Conopco's claim in federal court should not be precluded based on full faith and credit. Accordingly, the case should be remanded for entry of a stay pending resolution of the California appeal and further proceedings that may follow upon that appeal.

### I. Full Faith and Credit

The majority correctly states that, under the Full Faith and Credit Act, "[i]f the proceedings of a state trial court comported with due process, every federal court must afford the final judgment entered therein the same preclusive effect it would be given in the courts of that state." Where there is a final state court judgment, a federal court looks to the state's rules of res judicata and collateral estoppel to determine the preclusive effect of that judgment. *See Town of Deerfield, New York v. FCC,* 992 F.2d 420, 429 (2d Cir. 1993). To trigger the full faith and credit obligation requires a *"final* judgment." *Baker v. General Motors Corp.,* 522 U.S. 222, 233, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998) (emphasis added). Justice Ginsburg's use of the words "final judgment," not merely "judgment," should not be discounted. *See id.* By way of the descriptive "final," a judgment alone seemingly is not regarded as final for purposes of preclusion.

The Full Faith and Credit Act refers to "judicial proceedings," 28 U.S.C. § 1738, indicating a possible requirement, in certain circumstances, to extend full faith and credit despite the absence of a final judgment. For preclusion, however, a final judgment is required, as justice abhors forfeiture—a principle with which the majority does not, apparently, disagree.[9] The majority, however, would cloak all judgments with the requisite finality, short of absolute finality, which the view here would require. The majority criticizes the dissent for conflating the two-part analysis required under the Full Faith and Credit Act, which requires first looking at whether the judgment is entitled to full faith and credit under federal law and then determining what preclusive effect the judgment would be given in the rendering state. However, the dissent is not, as the majority suggests, premised on the view that the trial court's judgment is not entitled to full faith and credit because it does not satisfy California's res judicata finality requirement. The view here is that federal law requires absolute finality before a claim can be precluded—a decision that is necessarily informed, but not controlled, by state law.

**9.** As discussed above, the majority concedes that a final judgment is required.

California first imposes the bar when an answer is served without alleging a cross-complaint. *See* Cal.Civ.P.Code § 426.30. That is not final, however, as a filing non-compliant with § 426.30 must be permitted on a showing of good faith. *See* Cal.Civ.P.Code § 426.50. Rejection of a late filing would result in a bar at the trial court level but the right of appeal keeps the right to file open until an appeal is decided. That a federal court's full faith and credit obligation is statutorily, not constitutionally, imposed should not be overlooked as due process necessarily limits what a federal court is required to enforce.

## II. Preclusive Effect in California

The majority necessarily likens § 426.30 to res judicata and collateral estoppel in order to weave compulsory cross-complaint statutes into the web of the preclusion doctrine. At the same time, it makes a fundamental distinction. While California law requires a final, *non-appealable* judgment for an action to be barred under res judicata or collateral estoppel, the majority holds that there is no such requirement for preclusion under § 426.30. Rather, the majority holds that the statutory bar takes effect immediately upon a defendant's failure to file a cross-complaint. Thus, once judgment enters, a federal court must apply this statutory bar. The disagreement here is as to when the full faith and credit obligation is triggered.

The majority concedes California's requirement of finality includes exhaustion of appeal rights for res judicata and collateral

estoppel purposes, calling it a "quirk of California *res judicata* jurisprudence." It maintains that "this odd 'finality' requirement" is not required by § 426.30. No explicit authority is cited for this statement.

The majority's distinction between the theory of waiver and estoppel (engrafted onto § 426.30 as the basis for its bar) and claim/issue preclusion provides no answer to the full faith and credit issue. A person who is pursuing an appeal of a denial of the right to assert a claim can hardly be said to have finally waived—or be said to have acted so finally as to be estopped from asserting—the claim. The combination of requiring same subject claims to be filed as cross-complaints, Cal.Civ.P.Code § 426.30, the right to a late filing of a cross-complaint if the party acted in good faith, Cal.Civ.P.Code § 426.50, and the right to appeal, Cal.Civ.P.Code § 904, keep alive the right to assert a claim, and preclude finality of the bar until the right under those sections is exhausted. The majority would not accommodate the interplay among the three.

While California courts may, in some circumstances, apply the statutory bar absent a judgment in the underlying case or prior to a final, non-appealable judgment, such timing has no bearing on the determination of finality where the issue of denial of leave to file a cross-complaint is itself on appeal.[10] Such denial is not sufficiently final for full faith and credit purposes before the initial case proceeds to judgment at the trial level.[11] Similarly, there is no

**10.** The majority relies heavily on *Carroll v. Import Motors, Inc.*, 33 Cal.App.4th 1429, 39 Cal.Rptr.2d 791 (1995) to support its position that the California courts will bar a party from raising a compulsory cross-complaint in a separate action prior to a final, non-appealable judgment, and thus the federal courts must do the same. *Carroll* does hold that a claim will be barred in California in a *subsequent* action where the claim should have properly been brought as a cross-complaint in a related *pending* action. *See id.* at 1435–36, 39 Cal.Rptr.2d at 795. However, it does not speak to the question of whether the California courts would regard § 426.30 as an abso-

lute bar where the denial of leave to file is subject to reversal, i.e., not finally decided. Regardless, the full faith and credit obligation hinges on whether Conopco's right to file a cross-complaint has been conclusively determined by the California courts. It has not.

**11.** Nor does California deem such a decision final. *See Central Bank v. Transamerica Title Ins. Co.*, 85 Cal.App.3d 859, 870, 149 Cal. Rptr. 822, 828–29 (1978) (denial of leave to file amended complaint, governed by the same standard as a compulsory cross-complaint, is an intermediate order). *C.f. Marx v. McKinney*, 23 Cal.2d 439, 444, 144 P.2d 353,

basis for finding the requisite finality after judgment but while the case and issue of denial are on appeal, especially given that California law generally considers a case pending, i.e., not final or conclusive, until the appeal process is exhausted. *See, e.g.,* Cal.Civ.P.Code §§ 870, 1049. Whether or not California considers finality a prerequisite to rendering a claim irrevocably barred under § 426.30 does not control the federal requirement of finality for full faith and credit.

Generally, a judgment entered after trial seals a party's loss of its right to file a cross-complaint at the trial level. A party cannot seek to file a cross-complaint post-judgment. If the party never filed or sought leave to file a cross-complaint, such failure is then conclusively determined. The same rule would properly apply if such leave was sought and rejected, a judgment entered, and no appeal was taken, or if taken, was rejected. Then a federal court should, properly, grant full faith and credit to the trial court judgment and, accordingly, apply § 426.30—California's rule of preclusion as to compulsory cross-complaints. However, in the instant case, it has *not* been conclusively determined whether the cross-complaint can be filed. Indeed, it is an open question because the trial court's denial of leave to file said cross-complaint is on appeal, thereby negating the necessary finality. "A judgment is not 'final' as long as it remains subject to direct attack by appeal, by motion for a new trial, or motion to vacate the judgment." *Sullivan v. Delta Air Lines, Inc.,* 15 Cal.4th 288, 303, 63 Cal.Rptr.2d 74, 83, 935 P.2d 781 (1997).

The propriety of the California trial court's denial of Conopco's motion to file an untimely cross-complaint is not the issue here. That question is presently before the California Court of Appeal and therefore has not been finally decided. Hopefully, the determination will be correct, whatever that is. When it is decided finally in California, whatever is decided can then properly determine the appropriate course to be followed as to Conopco's action in the District Court. Nor is the question whether the trial court's denial is of no effect until the appeal is decided. The view here is that the denial is inchoate in the sense that it is not a fully effective bar, for full faith and credit purposes, until the appeal is decided.

As the decision to deny leave to file a cross-complaint is currently on appeal, and the question of whether Conopco will be permitted to litigate the merits of its cross-complaint in California is still unresolved, even a liberal definition of "final" is not met.[12] The majority holding and district court dismissal would be stripped of their basic underpinning if Conopco's appeal is sustained and the bar of § 426.30 is lifted. If a California trial court's cross-complaint rejection suffices to invoke full faith and credit even without exhaustion of

---

356 (1944) (order denying motion for leave to file cross-complaint is "not appealable and may be reached only through the appeal from the judgment"); *Miller v. Stein,* 145 Cal. App.2d 381, 386, 302 P.2d 403, 406 (1956) ("An appeal does not lie from such an order [denying leave to file cross-complaint], these questions being reviewable only upon appeal after a *final judgment or its equivalent.*" (emphasis added)). It is true that California does recognize certain judgments and orders as final dispositions of issues even though not technically final judgments. *See In re Conservatorship of Rich,* 46 Cal.App.4th 1233, 1235, 54 Cal.Rptr.2d 459, 460 (1996). Such orders are deemed final for appeal purposes, i.e., can be appealed prior to entry of a final judgment. *See id.* at 1235, 54 Cal.Rptr.2d at 460. Denial

of leave to file a cross-complaint, however, cannot be so appealed and thus said denial is not entitled to full faith and credit. *See Texas Employers' Ins. Ass'n v. Jackson,* 820 F.2d 1406, 1422 (5th Cir.1987).

**12.** Again, it should be noted that California's definition of "final" with respect to res judicata and collateral estoppel is quite strict as it requires a non-appealable judgment. To apply a different definition in the instant context would result in a different rule of law for plaintiffs than defendants—plaintiffs would not be precluded from filing related claims until the first lawsuit was final, i.e., non-appealable, whereas defendants would be cut off much sooner.

appeal rights, as the majority holds, such a rejection could be enforced even if it was unlawful on its face. For example, a trial court rejection of a request for late filing, notwithstanding a would-be cross-complainant's showing of unquestioned or unchallenged good faith, would be enforceable under the majority holding even if it was subject to appeal, which seemingly would surely be sustained.

## III. Due Process

Even if the California trial court's decision to deny leave to file is deemed final for purposes of proceedings in the trial court, it is not entitled to full faith and credit unless it satisfies due process under the Fourteenth Amendment. *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 482, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). "A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment." *Id.* (footnote omitted).

Conopco has not been fully heard as required by California law:

A party who fails to plead a cause of action subject to the requirements of this article, whether through oversight, inadvertence, mistake, neglect, or other cause, may apply to the court for leave to amend his pleading, or to file a cross-complaint, to assert such cause at any time during the course of the action. The court ... *shall* grant, upon such terms as may be just to the parties, leave to amend the pleading, or to file the cross-complaint, to assert such cause if the party who failed to plead the cause acted in good faith. *This subdivision shall be liberally construed to avoid forfeiture of causes of action.*

Cal.Civ.P.Code § 426.50 (emphasis added). A motion to file a cross-complaint *"must be granted* unless *bad faith* of the moving party is demonstrated where forfeiture would otherwise result." *Silver Org. Ltd. v. Frank,* 217 Cal.App.3d 94, 99, 265 Cal. Rptr. 681, 683 (1990) (holding that "substantial evidence" must support decision to deny leave) (emphasis added). Bad faith requires a finding of "dishonest purpose, moral obliquity, sinister motive, furtive design or ill will." *Id.* at 100, 265 Cal.Rptr. at 684. Mere delay is not enough to support a finding of bad faith. *See id.* at 98–101, 265 Cal.Rptr. at 683–85 (seeking to file cross-complaint a week prior to trial was insufficient evidence of bad faith). *See also Foot's Transfer & Storage Co. v. Superior Court of Los Angeles County,* 114 Cal.App.3d 897, 902, 171 Cal.Rptr. 1, 4 (1980) ("[D]elay may only constitute the requisite bad faith ... when it appears that a delayed cross-complaint, if allowed, would work a substantial injustice to the opposing party and would prejudice that party's position in some way."). The statute explicitly notes its purpose is not to perpetuate "forfeiture of causes of action," yet that is exactly the result of the majority holding.

In the case at bar, there was no finding of bad faith by the trial court judge, nor was there substantial evidence of bad faith. All that was found was an "absence of diligence" and that Conopco had been extremely "dilatory." Joint Appendix, at A–498, A–499.[13] The record is bereft of any explicit finding by the trial court of a lack of a showing of good faith by defendant in that case (Conopco) or a showing of bad faith on the part of Conopco by plaintiffs in that case (defendants here). As noted above, the California cases do not equate absence of diligence nor dilatoriness with

---

**13.** The record reflects the parties' engagement, during the pendency of the case, in settlement negotiations which could have vitiated the need for arbitration and/or a cross-complaint. Conopco was informed that the matter would not be settled, and that arbitration would not be agreed to, on April 2, 1998. *See* Joint Appendix, at A–256. Thereupon it moved to compel arbitration and, in the alternative, for permission to file a late cross-complaint. Both motions were denied on June 11, 1998. *See* Joint Appendix, at A–485, A–496.

bad faith nor a lack of good faith. The "apparent" finding of a lack of good faith to which the majority refers is not apparent to this writer, indeed to the contrary. Thus, the trial court's decision to deny leave to file the cross-complaint not only stripped Conopco of its cause of action, but also its statutory right to override the bar on late cross-complaints upon a showing of good faith. By affording the opportunity to seek permission for a late filing, California has given Conopco both a right and a means of overriding the bar. As a matter of statutory right and due process, until that right is extinguished by a final judgment against Conopco by the terms of the California statutory scheme, i.e., including the right to review of the trial court action by appeal, the bar is not irrevocable.

Further, if the appeal in California does not overrule the state trial court decision, Conopco might have a legitimate argument that the bar of § 426.30, on its face or as applied to its claim, constitutes a denial of due process. That argument would not have been heard or decided in the California courts. Ending the district court case by an affirmance robs Conopco not only of its substantive claim arising from the transaction with appellees—on a procedural basis, not on its merits—but also of its constitutional right to be heard, i.e., due process.

The result proposed here does not offend 28 U.S.C. § 1738 nor run counter to a dismissal projected by the majority if Conopco had brought this action in the California courts. It had no need to do so as its rights would be protected and served fully by its pending appeal which, if sustained on the claim under § 426.50, would have resuscitated its right under that section. By its dismissal, the District Court would extinguish Conopco's right to assert its claim. If that dismissal is sustained here, an anomaly would arise if Conopco's appeal is sustained and, with the California trial court judgment vacated and the denial of the late filing reopened, the District Court action might well be refiled, lawful-ly. All of this is, of course, speculative, but the stay urged here would afford clarification of Conopco's standing and then the course in the District Court can properly be decided.

There is a difference between Conopco's preclusion from asserting the claim now at the trial court level and its being barred in an absolute sense as the dismissal would cause. The view here takes the middle ground, that by our staying the case, California's trial court application of §§ 426.30 and 426.50 is honored, but the finality of a bar would, by staying the case below, await the further proceedings in California.

Accordingly, for all the reasons stated above, the case should be remanded to the district court for entry of a stay pending resolution of the California appeal and further proceedings that may follow upon the appeal decision.