NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**IN RE: AUTHWALLET, LLC,**
*Plaintiff-Appellant*

_____

2022-1842

_____

Appeal from the United States District Court for the Southern District of New York in No. 1:21-cv-05463-LJL, Judge Lewis J. Liman.

_____

Decided: May 10, 2023

_____

WILLIAM PETERSON RAMEY, III, Ramey LLP, Houston, TX, for plaintiff-appellant.

_____

Before DYK, SCHALL, and CHEN, *Circuit Judges*.

SCHALL, *Circuit Judge*.

## DECISION

AuthWallet, LLC ("AuthWallet") is the owner of U.S. Patent No. 9,292,852 ("the '852 patent"). It sued Block, Inc., ("Block") in the United States District Court for the Southern District of New York for infringement of the patent. In a decision dated May 3, 2022, the district court

granted Block's motion to dismiss under Fed. R. Civ. P. 12(b)(6) and dismissed AuthWallet's complaint. It did so after finding that the claims of the '852 patent are directed to ineligible subject matter under 35 U.S.C. § 101. *AuthWallet, LLC v. Block, Inc.*, 602 F. Supp. 3d 620 (S.D.N.Y. 2022). Following the entry of final judgment, AuthWallet appealed.[1] We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). For the reasons set forth below, we *affirm*.

## DISCUSSION

### I

The '852 patent is titled "System and Method for Applying Stored Value to a Financial Transaction." The patent is directed to a "computer-implemented method for processing financial transaction data" in which customers use "stored value items"—in this context, the digital equivalent of coupons or vouchers—when making a purchase. '852 patent col. 32 l. 46–col. 33 l. 13, Abstract. Independent claim 1 is representative of the '852 patent's 40 claims. It provides as follows:

> 1. A computer-implemented method for processing financial transaction data in a computing system including a processor and a storage area, the method comprising:
>
> receiving an authorization request generated as a result of a transaction by a purchaser at a point of purchase via an acquirer configured to receive authorization requests from a plurality of points of purchase, wherein the authorization request

---

[1]    Following the completion of briefing in this appeal, Block filed an unopposed motion to withdraw from the case pursuant to a settlement agreement between the parties. *See* Dkt. No. 41. We granted the motion on April 3, 2023.

includes a purchaser identifier and transaction information, the transaction information including a transaction amount, and wherein the purchaser identifier identifies the purchaser that initiated the transaction;

based on the authorization request, determining one or more stored value items to apply to the transaction, wherein each stored value item includes an associated value,

> wherein the one or more stored value items are selected from a plurality of stored value items stored in the storage area, and

> wherein the plurality of stored value items includes stored value items provided by a plurality of different third parties;

transmitting a transaction indication message to a mobile device associated with the purchaser identifier, wherein the transaction indication message includes information about the determined one or more stored value items;

receiving an indication from a user of the mobile device that at least one stored value item should be applied against the transaction;

applying the indicated at least one stored value item to pay a first portion of the transaction amount; and

initiating a payment process to pay a remaining portion of the transaction amount by providing a modified transaction amount to the acquirer for submission to a payment association.

*Id.* col. 32 l. 46–col. 33 l. 13.

## II

After AuthWallet filed suit, Block moved to dismiss, contending that the '852 patent is directed to patent ineligible subject matter because it claims "a computer-implemented version of a longstanding economic practice: processing a financial transaction that includes a discount for the purchaser." J.A. 98; *see also id.* at 90–91. Block argued that the '852 patent thus failed the two-step analysis set forth in *Alice Corp. v. CLS Bank International*, 573 U.S. 208 (2014). The district court agreed.

The first step of the Supreme Court's *Alice* analysis is to determine whether a patent claim is directed to an unpatentable law of nature, natural phenomenon, or abstract idea. *Alice*, 573 U.S. at 217. If so, *Alice*'s second step is to consider whether the claim nonetheless includes an "inventive concept" sufficient to "transform the nature of the claim into a patent-eligible application." *Id.* (internal quotation marks and citation omitted). The first stage of the *Alice* inquiry looks at the focus of the claims or their character as a whole; the second stage looks more precisely at what the claim elements add. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018) (internal quotation marks and citations omitted).

The district court began its *Alice* step one analysis by stating that the '852 patent is "directed to the . . . well-established business practice of processing payments during a sales transaction where a benefit, such as a discounted payment, is given to the purchaser for use in future transactions." *AuthWallet*, 602 F. Supp. 3d at 631. The court noted that "[f]or years, retailers have provided coupons and other financial incentives to customers during purchase." *Id.* The court observed, "[t]he '852 Patent simply describes that that conventional business practice may be effected by technology rather than by hand." *Id.* The district court found that the sales transaction activity contemplated by the '852 patent involved "the abstract concepts of an

intermediary managing and authenticating a transaction between a consumer and a retailer as well as that intermediary managing discounts and benefits—such as coupons—that are conferred to the consumer during the transaction, which the consumer can then use on a future occasion." *Id.* at 632. The court concluded that because managing the processing of online financial data using authorization requests and conferring discounts and benefits to the consumer for future purchases are abstract ideas for the purposes of 35 U.S.C. § 101, the claims of the '852 patent failed under *Alice* step one. *Id.* at 634.

Turning to *Alice* step two, the district court sought to determine whether the authentication processes and data storage mechanisms to manage online payment transactions with discounts claimed in the '852 patent constitute an inventive concept sufficient to transform the abstract idea claimed in the patent into a patent eligible application. *Id.* at 634. The court held that they do not. The district court agreed with Block that representative claim 1 "merely automates the longstanding business practice of discounted payment transactions using conventional, generic computer technology." *Id.* The court stated that no claim of the '852 patent "recites an inventive concept that transforms the abstract idea of processing discounts on payment transactions into a patent-eligible application." *Id.* Accordingly, the district court granted Block's motion to dismiss and entered judgment for Block dismissing AuthWallet's complaint.

### III

We review the grant of a Rule 12(b)(6) motion to dismiss under the law of the regional circuit. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1346 (Fed. Cir. 2018). The Second Circuit reviews Rule 12(b)(6) dismissals for failure to state a claim de novo. *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000).

Patent eligibility under § 101 is a question of law based on underlying facts. *SAP Am.*, 898 F.3d at 1166.  Section 101 disputes "may be resolved on a Rule 12(b)(6) motion when there are no factual allegations that, taken as true, prevent resolving the eligibility as a matter of law." *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1306 (Fed. Cir. 2020) (internal quotation marks and citation omitted).

## IV

We understand AuthWallet to be making two main arguments on appeal.  First, AuthWallet argues that the district court improperly overgeneralized the "focus" of the claims in its *Alice* step one analysis.  Appellant's Br. 8–9.  AuthWallet contends that "abstractness is determined by analyzing the claim as a whole, not whether each element standing alone is abstract." *Id.* at 9.  According to AuthWallet, the proper focus of the claims is either "providing increased fraud security for financial transactions when a physical device, the credit, debit, or gift card, cannot be presented to the merchant by the purchaser by providing out-of-band confirmation," *id.* at 6, or it is "a security protocol where [a] purchaser initiates a transaction, an authorization request is generated and sent to an intermediary service, the intermediary service generates an information request that is sent back to a mobile device, [and] the user of the mobile device in turn confirms the authorization request, typically by selecting a stored value item," *id.* at 10.

Looking at the claims of the '852 patent, we disagree with AuthWallet's asserted "focus" and instead agree with the district court that the claims are directed to a method for processing financial transaction data that implements authorization requests and confers discounts and benefits upon the consumer.  To the extent AuthWallet is arguing that the court improperly emphasized the "discount" aspect of the claims, we disagree.  Although the claims recite a step of receiving an "authorization request" pertaining to a

purchase, the method as a whole is directed to steps involving "stored value items," e.g., "determining one or more stored value items to apply," "transmitting a transaction indication message [that] includes information about the . . . stored value items," "receiving an indication . . . that at least one stored value item should be applied," "applying the indicated at least one stored value item," and then "initiating a payment process to pay a remaining portion of the transaction." '852 patent col. 32 l. 46–col. 33 l. 13. We have held to be abstract claims directed to "longstanding commercial practice[s]," such as collecting and relaying rewards program points, *cxLoyalty, Inc. v. Maritz Holdings Inc.*, 986 F.3d 1367, 1377 (Fed. Cir. 2021), and also "act[s] ordinarily performed in the stream of commerce," such as "the economic act of paying a finder's fee for a purchase," *In re Elbaum*, No. 2021-1719, 2021 WL 3923280 (Fed. Cir. 2021). We hold similarly here.

To the extent AuthWallet is arguing that the district court failed to give the "security" aspects of the claims any weight whatsoever, we disagree. The court clearly addressed AuthWallet's "security" argument. The court noted that the claims "recite a secure transaction method where consumers can make credit card payments without physically presenting their cards," and that the claims "allow[] access to discounts in transactions where a credit card is not presented." *AuthWallet*, 602 F. Supp. 3d at 633. The court correctly concluded that this "security" feature would not render the claims non-abstract "for the same reason that the patents in *Universal Secure Registry* were found to speak to abstract ideas." *Id.*; *see Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1354–55 (Fed. Cir. 2021) (finding claims that "generically provide[d]" for the collection of information to perform authentication of a user in a manner that was "conventional" to be directed to an abstract idea). Moreover, as the court noted, the claims of the '852 patent "do[] not speak to specific or technical problems and solutions but rather recite[] generic steps

and results." *AuthWallet*, 602 F. Supp. 3d at 633. The addition of another abstract idea does not render the claims non-abstract. *RecogniCorp, LLC v. Nintendo Co.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017). We therefore agree with the district court that the claims of the '852 patent are directed to abstract ideas.

AuthWallet's second argument is that the court erred in its *Alice* step-two analysis "by not considering the intrinsic evidence of record when analyzing for an inventive concept." Appellant's Br. 5. AuthWallet contends that "the inventive aspects of the claimed inventions are evident in the claims," which provide "enhanced security . . . based . . . on the access to a linked mobile device that is not available on the face a credit card [sic] and where the user of the mobile device confirms the transaction by selecting a value item." *Id.* at 11. We agree with the district court that the claims fail to recite an inventive concept that would transform the abstract idea into patentable subject matter. The claims recite well-known and conventional ways to perform authentication and to apply discounts, concepts that are not inventive. *See Universal Secure Registry*, 10 F.4th at 1355.[2]

## CONCLUSION

We have considered AuthWallet's remaining arguments and find them unpersuasive. For the reasons given above, we affirm the court's decision.

---

[2]    The claims are therefore unlike those at issue in *CosmoKey Solutions GMBH & Co. Kg v. Duo Security LLC*, 15 F.4th 1091, 1098 (Fed. Cir. 2021). In *CosmoKey*, claims directed to a "specific improvement to authentication that increases security, prevents unauthorized access by a third party, is easily implemented, and can advantageously be carried out with mobile devices of low complexity," were held to recite an inventive concept.

IN RE: AUTHWALLET, LLC                                                    9

## AFFIRMED

Costs

No costs.