COM/TECH COMMUNICATION TECHNOLOGIES, INC., Plaintiff–Appellee,

v.

WIRELESS DATA SYSTEMS, INC. and WDS II, Inc., Defendants–Appellants.

Docket No. 98–7547.

United States Court of Appeals, Second Circuit.

Submitted Dec. 14, 1998.

Decided Dec. 23, 1998.

---

John J. Hasluck, Crocco & De Maio, P.C., New York, NY, for Plaintiff–Appellee.

William P. McGrath, Jr., Porter Wright Morris & Arthur, Washington, DC (Thomas O. Gorman, James R. Hagerty, Porter Wright Morris & Arthur, and Richard A. Roth, Littman Krooks Roth & Ball, P.C., New York, NY, of counsel ) for Defendants–Appellants.

Before: FEINBERG, CALABRESI, and SOTOMAYOR, Circuit Judges.

PER CURIAM:

The plaintiff, Com/Tech Communication Technologies, Inc. ("Com/Tech"), is a New York corporation with its principal place of business in New York. The defendants (collectively "Wireless") are Wireless Data Systems, Inc., a Delaware corporation with its principal place of business in the District of Columbia, and WDS II, Inc., a District of Columbia corporation with its principal place of business in the District of Columbia.

On May 7, 1997, Com/Tech filed suit against Wireless in the Supreme Court of New York County, New York, alleging that payment was due on four demand promissory notes totaling more than $150,000. Under the procedural law of the state of New York, "[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." N.Y. C.P.L.R. § 3213 (McKinney 1992). Com/Tech proceeded under § 3213 and sought immediate judgment.

On June 9, 1997, Wireless removed the case to the United States District Court for the Southern District of New York. Wireless then moved to compel Com/Tech to replead its allegations in the form of a complaint under the Federal Rules of Civil Procedure. Wireless also sought to introduce certain counterclaims.

The district court declined to order repleading and refused to entertain the counterclaims, explaining that the assertion of those counterclaims would be inconsistent with the purpose of summary process under § 3213, which is supposed to be quick and simple. For that reason, the district court stated, claims that, as original claims, could not themselves qualify for § 3213 summary process cannot be adjudicated as counterclaims in a § 3213 proceeding. Noting that Wireless could, if it chose, press its allegations in a separate action, the court then granted summary judgment for Com/Tech. Wireless appealed.

■ "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). Classifying a rule as substantive or procedural is sometimes a subtle undertaking. *See id.* But where the matter in question is one covered by the Federal Rules of Civil Procedure, "it is settled that ... the Federal Rule applies re-

gardless of contrary state law." *Id.* at 427 n. 7, 116 S.Ct. 2211.

N.Y. C.P.L.R. § 3213 does not permit a defendant to bring counterclaims that would not independently qualify for summary process. *See* N.Y. C.P.L.R. § 3213:17; *Friends Lumber Inc. v. Cornell Dev. Corp.,* 243 A.D.2d 886, 888, 663 N.Y.S.2d 327, 330 (3d Dep't 1997). According to the district court, Wireless's allegations did not so qualify. The court therefore concluded that Wireless could not have asserted its counterclaims in a state proceeding governed by § 3213. But § 3213 is a procedural rule, and when this case was removed to federal court, the regime of the Federal Rules replaced that of § 3213. *See* Fed.R.Civ.P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."); *TPO Inc. v. FDIC,* 487 F.2d 131, 133 (3d Cir.1973) (holding—after summary process was sought under § 3213 and the case was removed to federal court—that the bringing of counterclaims was governed by the Federal Rules, not C.P.L.R. § 3213).[1] *Cf. Sage Realty v. Insurance Co. of N. Am.,* 34 F.3d 124, 129 (2d Cir.1994) (holding that a waiver of counterclaims, potentially valid in state court, was inoperative in federal court when its application would have prevented the assertion of a counterclaim that, under Fed.R.Civ.P. 13(a), was "compulsory").

Fed.R.Civ.P. 13 governs counterclaims in the federal courts, and Fed.R.Civ.P. 13(b) states that a defendant in a civil action may raise "any claim against an opposing party" as a counterclaim. It is that rule that determines whether Wireless may assert the claims it alleges against Com/Tech as counterclaims or needs instead to file a separate suit to press them. We therefore remand the case to the district court for proceedings under the Federal Rules, and we direct that Wireless must be permitted to plead any counterclaims that those Rules permit.

In its adjudication of Wireless's counterclaims, the district court may find that facts are there alleged that render summary judgment for Com/Tech inappropriate. Accordingly, we vacate that judgment.

We do not decide whether Com/Tech must replead its complaint under Fed.R.Civ.P. 81(c) or whether the district court should instead simply deem the moving and answering papers already submitted to be the complaint and answer. *See TPO Inc.,* 487 F.2d at 134. That matter remains within the sound discretion of the district court. We do direct, however, that proceedings are to conform to the Federal Rules and that Wireless must be permitted to assert any counterclaims permitted by those Rules.

Vacated and remanded.

---

1. The case in *TPO* originated with a claim in state court in New York. The defendant removed it to the United States District Court for the Southern District of New York, and the case was later transferred to the district of New Jersey, from which an appeal was ultimately taken to the Third Circuit. *See TPO,* 487 F.2d at 132–33.