# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3443

———————

Seshamma Reddy;                              *
Sankar Reddy,                                *
                                             *
        Appellants,                          *
                                             *   Appeal from the United States
    v.                                       *   District Court for the Eastern
                                             *   District of Missouri.
Sanjay M. Rallapally,                        *
                                             *        [UNPUBLISHED]
        Appellee.                            *

———————

Submitted: July 7, 2004
    Filed:  July 19, 2004

———————

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

———————

PER CURIAM.

Seshamma and Sankar Reddy (Reddys) filed a personal injury lawsuit in Missouri state court, which defendant Sanjay Rallapally (Rallapally) removed to federal court. The Reddys eventually moved to dismiss their action without prejudice. The district court[1] granted the motion on the condition that if the Reddys commenced an action in any court based on the same claims against Rallapally, they would have to pay, upon Rallapally's motion, Rallapally's costs and reasonable

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

attorney fees incurred in defending the instant case. See Fed. R. Civ. P. 41(a)(2). The Reddys appeal, arguing the condition was not proper under Missouri law, and the condition was an abuse of discretion because only fees attributable to work performed that will not be useful in continuing or renewed litigation could properly be awarded under federal law.

We review for abuse of discretion the district court's imposition of conditions on a voluntary dismissal under Rule 41(a)(2). See Herring v. City of Whitehall, 804 F.2d 464, 466 (8th Cir. 1986). We find no abuse of discretion here. First, Missouri law governing conditions on voluntary dismissals does not apply. See Fed. R. Civ. P. 81(c); see also Com/Tech Communication Techs., Inc. v. Wireless Data Sys., Inc., 163 F.3d 149, 150-51 (2d Cir. 1998) (where matter is covered by Federal Rules of Civil Procedure, it is settled that Federal Rule applies in face of contrary state law). Second, the condition the district court imposed is not uncommon in cases of voluntary dismissal. See Marlow v. Winston & Strawn, 19 F.3d 300, 303 (7th Cir. 1994) (in exercising Rule 41(a) discretion, courts typically impose as a condition of dismissal that plaintiff pay defendant's expenses "incurred in defending the suit, which usually includes reasonable attorneys' fees"); Kern v. TXO Prod. Corp., 738 F.2d 968, 972 (8th Cir. 1984) (concluding district court abused its discretion in **not** imposing condition respecting costs and attorney fees where voluntary dismissal occurred after trial began). The appropriate amount of any future award of costs and fees is not before us.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____