*Clark v. N.Y.C. Hous. Auth.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of November, two thousand twenty-three.

PRESENT:

> JOHN M. WALKER, JR.,
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————————

LA'SHAUN CLARK,

> *Plaintiff-Appellant,*

v.                                                                              No. 22-3233

NEW YORK CITY HOUSING AUTHORITY,
NEW YORK INSULATION & ENVIRONMENTAL
SERVICES, INC., JLC ENVIRONMENTAL
CONSULTANTS, INC.,

> *Defendants-Appellees.*\*

———————————————————————————

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Plaintiff-Appellant:** | LA'SHAUN CLARK, *pro se*, Douglasville, GA. |
| **For Defendant-Appellee New York City Housing Authority:** | MIRIAM SKOLNIK, Herzfeld & Rubin, P.C., New York, NY. |
| **For Defendant-Appellee New York Insulation & Environmental Services, Inc.:** | DAVID SASSER (Richard Leff, *on the brief*), BBC Law, LLP, New York, NY. |
| **For Defendant-Appellee JLC Environmental Consultants, Inc.:** | MICHAEL SCHNEIDER, Kennedys CMK LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 28, 2022 judgment of the district court is **AFFIRMED** and the pending motions to expand the record are **DENIED**.

La'Shaun Clark, proceeding *pro se*, appeals a grant of summary judgment in favor of the New York City Housing Authority ("NYCHA"), New York Insulation & Environmental Services, Inc. ("NYIES"), and JLC Environmental Consultants, Inc. ("JLC") on Clark's claims of common law negligence and fraudulent concealment. Clark alleges that she developed lupus and severe respiratory

2

illness after two contractors – NYIES and JLC – performed defective asbestos abatement in an apartment she later rented from NYCHA. Clark attributes her illnesses to unabated asbestos that the contractors missed as well as to crystalline silica, an ingredient in a chemical called Ardex that the contractors used in treating her apartment. Despite several reminders from the magistrate judge, however, Clark produced no expert evidence linking her ailments to either the asbestos or the Ardex. Citing that failure, the district court granted summary judgment in favor of the defendants and dismissed Clark's claims with prejudice. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, construing facts in the light most favorable to the non-moving party and resolving all ambiguities and drawing all reasonable inferences against the moving party. *See Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021). Summary judgment is appropriate only when there is no genuine dispute of material fact that would allow a reasonable jury to rule in favor of the non-moving party. *See* Fed. R. Civ. P. 56(a); *Kee*, 12 F.4th at 158. A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

3

248 (1986).  We construe *pro se* submissions liberally to raise the strongest arguments they suggest.  *See Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).

With respect to Clark's common law negligence claims, the district court found that Clark failed to raise a genuine dispute of material fact as to causation. We agree.  Under New York law, Clark was required to prove both general causation – that the toxin was "capable of causing" her illnesses – and specific causation – that she was "exposed to sufficient levels of the toxin to cause" her illnesses.  *Parker v. Mobil Oil Corp.*, 7 N.Y.3d 434, 448 (2006).  And because toxic chemical exposure is outside the ken of judges and jurors, Clark was required to prove both causation elements "using expert testimony."  *Nemeth v. Brenntag N. Am.*, 38 N.Y.3d 336, 343 (2022).  Put simply, Clark could not "rely on circumstantial, lay evidence alone to create a genuine issue of material fact as to whether toxins emitted from [a particular source] caused" her illnesses.  *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004).

As the district court noted, Clark failed to submit any expert reports.  In lieu of such evidence, Clark offered her own opinions about the cause of her illnesses.  She explained, for instance, that silica and asbestos in her apartment must have caused her ongoing health issues because she was not sick before she

4

moved in. Clark also offered several doctor's notes attached to her motion for summary judgment, but those reflected only that *she* told her doctors that silica and asbestos caused her illnesses, not the other way around. In addition, Clark testified at her deposition that two doctors told her it was "possible" that asbestos or silica had caused her lupus diagnosis. But those unsupported hearsay statements are not enough to create a genuine dispute over causation. In sum, Clark's failure to come forward with expert evidence to prove causation was fatal to her negligence claim, and, as such, summary judgment on that claim was correctly granted in favor of the defendants.

The same is true for Clark's fraudulent concealment claim. Though Clark alleged that NYCHA should have alerted her that the Ardex treatment had left a hazardous condition – leftover silica – in her apartment, Clark produced no evidence to show that this hazardous condition in fact existed. She did not, for example, offer test results indicating the levels of silica in her apartment, much less expert evidence that those levels would have been harmful. Without such proof, Clark could not create a genuine dispute of fact and the district court was correct to dismiss her claim.

We also reject Clark's argument that NYCHA admitted her allegations (thus

alleviating the need for her to submit expert evidence) because it did not file an answer to her amended complaint. As the district court explained, Clark initially filed her amended complaint by attaching it to a letter seeking leave to amend, prompting NYCHA to file an amended answer. When Clark later filed her amended complaint as its own docket entry, NYCHA did not refile its amended answer. Not surprisingly, the district court deemed NYCHA's previously filed amended answer to be its responsive pleading. Though Clark says this was improper, the district court had discretion to accept NYCHA's amended answer as it did. *See Com/Tech Commc'n Techs., Inc. v. Wireless Data Sys., Inc.*, 163 F.3d 149, 151 (2d Cir. 1998) (explaining that district courts have "discretion" to deem "papers already submitted to be the complaint and answer"); *see also* Fed. R. Civ. P. 1 (directing district courts to "construe[]" the Federal Rules, including Rule 8's pleading parameters, "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Indeed, if Clark thought otherwise, she should have moved for default judgment. She did not, and in any event, such a motion would have been meritless, since NYCHA was obviously defending itself in the action. *See* Fed. R. Civ. P. 55 (providing that default can be entered only when the opposing party "has failed to plead or otherwise defend").

6

Finally, Clark moves to expand the appellate record with documents reflecting her recent diagnoses of pneumoconiosis and asbestos pleurisy.[1] But even if these diagnoses were included in the record, our conclusion would remain the same, because neither contains expert evidence that could establish the existence of hazardous conditions in her apartment or causation. We therefore deny those motions.

We recognize, as the district court did, that Clark's medical challenges warrant sympathy. We do not question the sincerity of her allegations. However, our judgment must turn on whether Clark has provided sufficient evidence to permit a reasonable jury to find that NYCHA, NYIES, and JLS are liable for the injuries she describes. She has not done so.

---

[1] We construe Clark's motion for judicial notice of a Medicare claim report reflecting her diagnosis for pneumoconiosis as a motion to supplement the record because it would not be proper to take judicial notice of a claim report to establish her diagnosis. *See* Fed. R. Evid. 201(b) (limiting judicial notice to facts that are "not subject to reasonable dispute").

We have considered Clark's remaining arguments and find them to be without merit.    Accordingly, we **AFFIRM** the judgment of the district court.    All pending motions are **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court